2665. BROWNING *v.* ARAGON MILLS.

RUSSELL, J. The evidence for the plaintiff was sufficient to require sub-. mission to the jury of the question as to whether the machine was reasonably suited for the work in which it was employed; and there was also evidence to the effect that the vice-principal of the master had informed the servant that the machine was safe, and directed him to do the work on hand as quickly as possible. This direction may have misled the plaintiff. It was error to award a nonsuit.

*Judgment reversed.*

DECIDED JANUARY 31, 1911.

Action for damages; from city court of Polk county—Judge Irwin. April 10, 1910.

The plaintiff, who was fifty-four years old at the time, was injured by having two fingers cut off by a planing-machine that he was operating as an employee in the defendant's mill. He alleged that the defendant and its vice-principals failed to keep the knives or bits of the planer sufficiently sharp to hold the piece of timber he was trying to dress, and the dullness of the knives caused the timber to slip and to turn diagonally and crosswise; and these movements were unexpected and could not reasonably have been anticipated, and they caused his hand to slip off the timber and on the knives; that the knives were out of line, and one end of the same slipped down out of place, and they were old, badly worn, and dangerous for use, and this condition rendered the use of the planer difficult, because it was one that required an operator to hold with his hands the lumber being dressed, and the only means of guiding it on the knives was by holding it and pressing downward on the blades as they revolved, and their worn and uneven edge caused the timber to jerk out of place and to throw his hand against the knives; that the defect was latent so far as he was concerned; that he had not equal means with the defendant and the master mechanic to know of the condition; that the defendant knew, or by the use of ordinary diligence could have known, of the defect, and was negligent in failing to furnish a machine of reasonably modern use, and such as is used by diligent persons for dressing such lumber, and was negligent also in failing to provide a reasonably safe place for the plaintiff to work.

The plaintiff testified, among other things, as follows: Mr. Gorton, the general manager of the mill, hired me and turned me over to Mr. Johnson, the master mechanic. A piece of pine lumber with

no wind shakes or knots in it, four inches square and eighteen inches long, had to be dressed and hollowed out to fit a pair of trucks. Johnson said "I want you to fix this pair of trucks as quick as you can. . . You go ahead and dress your lumber; everything is all right; go ahead and dress it." It was the planer we were talking about. It was one you had to bear down on. I always called it an old fashioned buzz-planer. It is not the kind that is in modern use now; the self-feeder is now in general use more than any other. I did not know anything about the condition of that planer before I went to work on it and could not tell whether or not anything was wrong about it. I did not notice the condition of it at all; only I thought it was all right. I had been at work on it a few days before, and it was all right then. After I was hurt I discovered the blades were dull and the bits were dropped out of line, one corner being further down than the other. I was pushing the timber lengthwise; the bits knocked the timber around and that threw the left hand into the bit. It was "sorter catecornered" with the planer, and it could not have done it if the bits had been in line. Mr. Gorton told me it was the master mechanic's duty to look after that machinery and keep it in reasonably good repair. I had nothing to do with inspecting that planer or any machinery with which I worked, and no instructions about anything of that sort. I had been at work at this mill about fifteen months. Off and on I was called on to do carpenter work, and had used this machine sometimes. It was there all the time I was at the mill. I have seen better and safer machines at other mills—self-feeders. That is the only one I ever saw just exactly like it. I never did have to fix the planer, and could not have known it if the knives were worn out. They ran nicely and worked all right the last time I used the machine. There was a guide on the machine. I do not recollect definitely how high it was. I suppose you could move it from the back to the front of the table. I could not say what there was to prevent me from moving it over to within four inches of the front of the machine; only they were hurrying me. It was set, I suppose, already about half way. I do not know whether, if I had moved it within four inches of the front and run the timber along, I could have it cover the entire surface of the knives, or whether that would have prevented it from becoming crosswise of the table or not; etc.

Another witness testified: Johnson was employed as regular master mechanic and his duties were to look after the carpenter shop and all the repair work of the mill. After Browning was hurt we looked at the planer and found the bits a little dull, a few gaps in one, and one a little lower at one end than the other. The master mechanic always looked after and kept up the planer. New blades had been there for this machine for two or three weeks, to be put in place of these old ones. I do not know why they had not been placed, or how long the old ones had been used. Machines of that character are in use, but there are better ones. Those now used ordinarily have an automatic feed.

Another witness testified: A few minutes after Browning's injury occurred, he heard Gorton and Johnson talking at the office, and Gorton said he had worked Browning for several years. Johnson said the planer was in bad shape, that it was through neglect the machine had not been fixed, that he had not put it in good running order, that they had some knives or blades there for it and he had not put them on at all, and that it was in bad running order for some time.

The plaintiff excepted to the grant of a nonsuit.

*G. R. Hutchens* and *E. S. Ault,* for plaintiff.

*Maddox & Doyal* and *John K. Davis,* for defendant.